UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TOMMY JOE DAVIS, III, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 1:22-CV-63 SRW |
| BILL STANGE, | ) ) ) |
| Respondent. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petitions of Tommy Joe Davis for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF Nos. 1, 11). The matter is fully briefed. Both parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the petitions for a writ of habeas corpus are denied.

**I.     BACKGROUND**

In November 2017, a jury convicted Petitioner of first-degree assault and armed criminal action. The Circuit Court of Cape Girardeau County sentenced him to fifty years imprisonment. The court sentenced him to 30 years of imprisonment as a prior and persistent offender on the assault charge, and to a consecutive 20 years of imprisonment for the charge of armed criminal action. Petitioner appealed his convictions to the Missouri Court of Appeals, Eastern District, who affirmed his convictions. Petitioner filed a post-conviction relief ("PCR") motion pursuant to Missouri Supreme Court Rule 29.15. The PCR motion court denied Petitioner's claims, and the appellate court affirmed the motion court's decision. Petitioner now seeks habeas relief before this Court.

1

The Missouri Court of Appeals, Eastern District, described the facts of Petitioner's conviction as follows:

> The State charged Davis as a prior and persistent offender with one count of the class A felony of assault in the first degree, in violation of Section 565.050, RSMo. (cum. supp. 2014), and one count of armed criminal action ("ACA"), in violation of Section 571.015. The charges stemmed from an incident on June 4, 2014, where Davis caused serious physical injury to Christopher Watson by shooting him following a dispute over property.

(ECF No. 19-7, at 1-2.).[1]

## II. STANDARD

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

Federal courts may not grant habeas relief on a claim which has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . .

---

[1] These facts are taken directly from the Court of Appeals' Memorandum affirming Petitioner's conviction on direct appeal. This Court presumes a state court's determination of a factual issue is correct. *See* 28 U.S.C. § 2254(e).

2

and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

### III. DISCUSSION

Petitioner asserts one claim for relief in his Petition: the trial court violated Petitioner's Sixth Amendment rights by accepting his request to waive counsel because Petitioner's waiver was not clear, unequivocal, knowing, intelligent, and voluntary, and because he was unable and unwilling to abide by the rules of procedure and courtroom protocol.

Before the Missouri Court of Appeals, Petitioner argued the trial court erred in accepting Petitioner's request to waive counsel, claiming his waiver "was not knowing and voluntary because the court did not ask him about his knowledge of any possible defense he might pursue

3

and his knowledge of the trial process." ECF No. 19-3, at 9. Further, Petitioner argued the trial court's acceptance of his waiver was improper because "there was no evidence that Mr. Davis was able and willing to abide by the rules of procedure and courtroom protocol." *Id.*

The Missouri Court of Appeals held: (1) Petitioner's waiver was knowing and voluntary; (2) trial courts are not obliged to ensure a defendant has knowledge of potential defenses before accepting the defendant's waiver of counsel; and (3) trial courts are not required to terminate self-representation where the defendant is unwilling or unable to abide by the rules of procedure and courtroom protocol. ECF No. 19-7, at 6–11.

A.   **Knowing, intelligent, and voluntary waiver of counsel**

Under the Sixth Amendment, a criminal defendant has the right to the assistance of counsel and the right "to conduct his own defense." *Faretta v. California*, 422 U.S. 806, 834 (1975). A defendant's invocation of the right to self-representation entails waiving the right to, and benefits of, the right to representation by counsel. *See Faretta*, 422 U.S. at 835. Therefore, "the accused must knowingly and intelligently forgo those relinquished benefits." *Id.* at 835 (internal quotation marks and citation omitted). Although the Supreme Court has not prescribed a "formula," "script," or specific requirements regarding the questions a trial court must ask to determine whether a defendant knowingly and intelligently relinquished the benefits of representation by counsel, *see Iowa v. Tovar*, 541 U.S. 77, 88 (2004), the defendant must "be made aware of the dangers and disadvantages of self-representation." *Faretta*, 422 U.S. at 835. Further, to satisfy the knowing and intelligent waiver requirement, a trial court must find the defendant not only has "the ability to understand the proceedings" and thus is competent to waive the right to counsel, but also that "the defendant actually *does* understand the significance

4

and consequences" of waiving the right to counsel. *Godinez v. Moran*, 509 U.S. 389, 401 n.12 (1993).

Petitioner raises several arguments challenging the trial court's and Missouri Court of Appeals' applications of the knowing and intelligent waiver requirement. Petitioner refutes the Missouri Court of Appeals' factual determination that Petitioner knowingly and intelligently waived his right to counsel. ECF No. 22, at 22. Additionally, Petitioner argues the trial court violated *Faretta* and its progeny by failing to advise him of possible defenses and relying on scripted, "leading yes or no questions read from a form" to determine whether Petitioner's waiver of counsel was knowing and intelligent. ECF No. 11, at 42. Finally, Petitioner claims the trial court violated *Godinez v. Moran* by merely evaluating his competence without considering "whether Petitioner actually understood the significance and consequences of the waiver." ECF No. 22, at 21.

### 1. Unreasonable determination of the facts

Petitioner argues the Missouri Court of Appeals' decision involved an unreasonable determination of fact under 28 U.S.C. § 2254(d)(2) because the trial court erred in finding Petitioner sufficiently understood the proceedings, and thus knowingly, voluntarily, and intelligently waived his right to counsel. ECF No. 22, at 22.

The Missouri Court of Appeals held the record showed:

> The trial court informed Davis of the charges against him and the potential sentences if he were convicted; it informed Davis of his rights to an attorney, to a trial, to remain silent, and to appeal from the judgment if the jury found him guilty; it informed him of the nature of the trial proceedings, such as the rights of confrontation and cross-examination; and the court warned him about the dangers of proceeding pro se, specifically stating it was a "bad idea." While Davis repeatedly proclaimed he did not understand the charges or proceedings, the record in full showed that Davis acknowledged both the assault first and the ACA charges against him, and that he had been offered a plea deal of 10 years. Moreover, his multitude of filings, while espousing the language of the Sovereign Citizen

5

> movement, demonstrated a working knowledge of courtroom procedure, including his motions for bond reduction, to dismiss under the relevant statutes of limitations, to dismiss for lack of jurisdiction, and for change of judge and venue.
>
> . . . .
>
> [T]he overall record reveals the defendant understood the charges, the potential sentence, and the dangers and disadvantages of self-representation.

ECF No. 19-7, at 8-10. Petitioner fails to establish, by clear and convincing evidence, the state court's factual findings lack evidentiary support. Thus, the state court's determination of the facts is presumed correct and entitled to deference. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

As *Faretta* establishes, for a defendant's waiver of the right to counsel to be knowing, the defendant "should be made aware of the dangers and disadvantages of self-representation, so . . . he knows what he is doing and his choice is made with eyes open." *Faretta,* 422 U.S. at 836 (internal quotation marks and citation omitted). However, "a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation." *Id.* Thus, the "key inquiry" is "whether the accused was made sufficiently aware of his right to have counsel and of the possible consequences of a decision to forgo the aid of counsel." *United States v. Kiderlen*, 569 F.3d 358, 364 (8th Cir. 2009).

This Court's review of the record supports the state court's decision. On February 17, 2015, when Petitioner requested a change of counsel, the trial court asked Petitioner whether he understood "that one of the charges you're charged with here is a class A felony," and Petitioner responded in the affirmative. ECF No. 19-1, at 6. During this discussion, the court informed Petitioner of his right to have a public defender appointed to represent him for free, and Petitioner responded, "Okay." *Id.* When Petitioner indicated he may opt to represent himself, the court strongly advised him to return with an attorney. *Id.*

On May 15, 2017, after Petitioner declined the services of the public defender appointed to his case, Petitioner confirmed his desire to represent himself. ECF No. 19-1, at 60-61. The trial court informed Petitioner of his right to represent himself, his right to have a public defender represent him for free, and his right to hire an attorney. *Id.* at 62. On September 15, 2017, the court warned Petitioner "[i]t's a very bad idea for you to proceed as your own attorney." ECF No. 19-2, at 10-11.

On several occasions, Petitioner asserted he did not understand the charges against him and his rights regarding representation. ECF No. 19-1, at 66, 69. These statements could provide evidence of Petitioner's lack of understanding. However, there is also evidence indicating Petitioner asserted a lack of understanding as an obstructionist tactic. For example, on November 7, 2017, the trial court again explained the charges and Petitioner's rights. When the court asked Petitioner if he understood, and he responded in the negative, the court asked Petitioner what he did not understand. ECF No. 19-2, at 20-21. Petitioner responded to this question indicating his refusal to answer any questions. *Id.* at 21.

The Missouri Court of Appeals found "the overall record reveals the defendant understood the charges, the potential sentence, and the dangers and disadvantages of self-representation." ECF No. 19-1, at 10. Because there is support in the record for the Court of Appeals' finding, the state court's determination of fact is presumed correct and entitled to deference. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

Petitioner also argues the Missouri Court of Appeals erred in finding Petitioner demonstrated a working knowledge of courtroom procedures. ECF No. 22, at 22. Petitioner claims "the statements of the trial court about why it was a bad idea for Petitioner to proceed *pro*

*se* completely undercut the Court of Appeals' finding that Petitioner had a working knowledge of courtroom procedure." *Id.*

This Court's review of the record supports the state court's decision. On September 15, 2017, the court told Petitioner, "[f]rom what I've seen up to this point, I have to tell you you have no idea what you're doing in court. It's a very bad idea for you to proceed as your own attorney." ECF No. 19-2, at 10-11. On October 23, 2017, when Petitioner asked the court about local rules and the notice of hearing he filed, the court informed Petitioner, "[n]one of this pertains to your situation . . . [b]ecause it's a bunch of gibberish." *Id.* at 15-16. In the same proceeding, the court explained to Petitioner that he could take his issue with the court's ruling "up with the Court of Appeals in due time." *Id.* at 17. After Petitioner expressed his refusal to proceed until he was heard on that issue, the court informed him he misunderstood the proceedings. *Id.*

The statements made by the trial court indicate Petitioner lacked some knowledge of courtroom proceedings and procedure. However, the court's attempts to impress upon Petitioner the value of representation by counsel and to explain Petitioner's misunderstanding of particular procedures do not negate the overall record. As the Court of Appeals noted, the record also reflects several instances in which Petitioner appeared to understand courtroom proceedings and procedures. ECF No. 19-7, at 9. Petitioner recognized the prosecution deposed witnesses and stated, "I've been trying to get depos myself of witnesses . . . listed in my discovery." ECF No. 19-1, at 46, 53. Petitioner also filed motions for bond reduction and challenging jurisdiction. *Id.* at 49, 62. Thus, the record contains evidence that Petitioner had some understanding of courtroom proceedings and procedures.

The Missouri Court of Appeals did not render an unreasonable factual determination, even though it possibly could have reached a different factual determination. *Wood*, 558 U.S. at 301. Petitioner's presentation of some contrary evidence is insufficient to meet the burden of demonstrating there is clear and convincing evidence that the state court factual findings lack evidentiary support in the record. Thus, the state court's determination of fact is presumed correct and entitled to deference. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293. The Court will deny the Petition on this claim.

### 2. Failure to advise of possible defenses

Petitioner argues the state trial court erred by failing to advise Petitioner of possible defenses to the charges. ECF No. 11, at 42. Petitioner cites *Von Moltke v. Gillies*, 332 U.S. 708, 768 (1948) to claim the trial court had an affirmative duty to advise Petitioner of possible defenses. In the plurality opinion in *Von Moltke*, the Supreme Court held "[t]o be valid, such a waiver [of right to counsel] must be made with an apprehension of the nature of the charges, the statutory offenses included with them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances of mitigation thereof, and all other facts essential to a broad understanding of the whole matter." 332 U.S. at 768.

The Missouri Court of Appeals held that trial courts do not have an affirmative duty to discuss potential defenses, finding:

> In *State v. Hunter*, the Missouri Supreme Court held the defendant's waiver of counsel was knowing and voluntary when the record showed the defendant at all times understood the charges, the range of punishment, and his right to representation. In discussing the thoroughness of the record, the court noted the defendant had even been informed of possible defenses. Over time, some Missouri courts have interpreted *Hunter* as imposing on a trial court [the] duty to discuss with the defendant, *inter alia*, potential defenses he can offer. However, a close reading of *Hunter* does not impose an affirmative duty to discuss potential defenses at the risk of reversal.

9

> Further, this Court has specifically found that the singular failure to advise the defendant of possible defenses to the crime with which he was charged does not, on its own, merit reversal. Where the overall record reveals the defendant understood the charges, the potential sentence, and the dangers and disadvantages of self-representation but remained adamant in his desire to waive counsel and represent himself pro se, we will not reverse merely because the trial court failed to ascertain the defendant's understanding of his defenses. Accordingly, following the case law of this Court, as we must, we find no error, plain or otherwise, in the trial court's singular failure here to discuss with Davis any possible defenses. No manifest injustice occurred.

ECF No. 19-7, at 9-10 (citations omitted).

Although Petitioner argues the trial court failed to comply with the requirements detailed in *Von Molke*, including a requirement to advise of possible defenses, the particular requirements outlined in the *Von Molke* plurality opinion have not been adopted by the Supreme Court, and thus, do not constitute clearly established federal law. *United States v. Kiderlen*, 569 F.3d 358, 367 (8th Cir. 2009) ("[n]either the Supreme Court nor this court . . . has adopted the *Von Molke* plurality opinion in all of its particulars"). In fact, in several Eighth Circuit cases and *Faretta* itself, the waiver of counsel was found valid "without discussion between the trial court and the defendant of such matters as lesser included offenses [and] defenses to the charges." *Id. See also United States v. Abdul-Aziz,* 486 F.3d 471 (8th Cir. 2007); *United States v. Mentzos*, 462 F.3d 830 (8th Cir. 2006); *United States v. Mahasin*, 442 F.3d 687 (8th Cir. 2006); *United States v. Patterson*, 140 F.3d 767 (8th Cir. 1998). Thus, the Missouri Court of Appeals did not incorrectly or unreasonably apply clearly established federal law, and the decision of the state court is entitled to deference. *See* 28 U.S.C. § 2254(d). The Court will deny the Petition on this claim.

### 3. Failure to comply with *Faretta* requirements

Petitioner argues the trial court failed to comply with the requirements of United States Supreme Court case *Faretta v. California*. ECF No. 11, at 42-43. According to Petitioner, the trial court's reliance on scripted, "leading yes or no questions read from a form" violated

10

*Faretta*. *Id.* at 42. However, while Petitioner contested whether the waiver was knowing and intelligent in his direct appeal to the Missouri Court of Appeals, Petitioner did not raise the issue related to the form of the questions prior to his federal petition for a writ of habeas corpus. Because Petitioner did not afford the reviewing state court the opportunity to decide whether the form of the questions satisfied the *Faretta* requirements, the claim is procedurally barred. *See Picard v. Connor*, 404 U.S. 270, 275-78 (1971); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The Court will deny the Petition on this claim.

  Even if Petitioner's claim was not procedurally barred, it fails because the Supreme Court has not specified requirements regarding the form of questions a court needs to ask to determine whether a defendant knowingly and intelligently relinquished the benefits of representation by counsel. In *Faretta*, the Supreme Court recognized an accused's constitutional right to self-representation. *Faretta,* 422 U.S. at 819. Because a defendant's invocation of the right to self-representation entails waiving the right to, and benefits of, representation by counsel, the Supreme Court held "the accused must knowingly and intelligently forgo those relinquished benefits." *Id.* at 835 (internal quotation marks and citation omitted). However, the Supreme Court did not, and has not, prescribed specific requirements regarding the form of questions a court needs to ask to determine whether a defendant knowingly and intelligently relinquished the benefits of representation by counsel. *See Tovar*, 541 U.S. at 88 ("We have not, however, prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel.").

  The Missouri Court of Appeals upheld the trial court's implementation of *Faretta* requirements and recognized "there is no rigid procedure or 'script' for determining the knowingness and voluntariness of a waiver." ECF No. 19-7, at 8. Petitioner supports his form of

11

questions argument with a citation to an Eleventh Circuit case requiring the trial court to "do more than just ask *pro forma* questions." *United States v. Cash*, 47 F.3d 1086, 1088 (11th Cir. 1995). While several circuits have expanded upon and clarified the procedural requirements of *Faretta*, federal circuit precedent is not clearly established federal law, and thus "cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam). Thus, the Court of Appeals did not make a decision contrary to, or involving an unreasonable application of, federal law, and the Court of Appeals' decision is entitled to deference. *See* 28 U.S.C. § 2254(d).

### 4. Unreasonable application of *Godinez v. Moran*

In addition to challenging the trial court's initial decision to allow him to proceed without counsel, Petitioner argues "[t]he Missouri Court of Appeals' opinion, which overlooks and misapplies *Godinez,* constitutes an unreasonable application of clearly established federal law under 28 U.S.C. § 2254(d)(1)." ECF No. 22, at 21. "[A] finding that a defendant is competent to stand trial . . . is not all that is necessary before he may be permitted to plead guilty or waive his right to counsel." *Godinez*, 509 U.S. at 400. A trial court must also "determine whether the defendant actually *does* understand the significance and consequences of a particular decision." *Id.* at 401 n.12.

Petitioner claims the Missouri Court of Appeals engaged in an unreasonable application of *Godinez* because "the state courts never even considered whether Petitioner actually understood the significance and consequences of the waiver." ECF No. 22, at 21. However, the Court of Appeals did evaluate both the competency consideration and actual understanding consideration as required by *Godinez*. The Court of Appeals found:

> [T]he record shows the trial court ordered a mental competency examination, which found to a reasonable degree of certainty that Davis did not suffer from a

12

> mental disease or defect and that he did not lack the capacity to understand the proceedings. The trial court informed Davis of the charges against him and the potential sentences if he were convicted; it informed Davis of his rights to an attorney, to a trial, to remain silent, and to appeal from the judgment if the jury found him guilty; it informed him of the nature of the trial proceedings, such as the rights of confrontation and cross-examination; and the court warned him about the dangers of proceeding pro se, specifically stating it was a "bad idea." While Davis repeatedly proclaimed he did not understand the charges or proceedings, the record in full showed that Davis acknowledged both the assault first and the ACA charges against him, and that he had been offered a plea deal of 10 years. Moreover, his multitude of filings, while espousing the language of the Sovereign Citizen movement, demonstrated a working knowledge of courtroom procedure, including his motions for bond reduction, to dismiss under the relevant statutes of limitations, to dismiss for lack of jurisdiction, and for change of judge and venue.

ECF No. 19-7, at 8-9. The Missouri Court of Appeals considered both competency and actual understanding; therefore, it did not engage in an incorrect or unreasonable application of *Godinez*, as Petitioner argues. Thus, the Court of Appeals' decision is entitled to deference. *See* 28 U.S.C. § 2254(d). The Court will deny the Petition on this claim.

### B. Ability and willingness to abide by the rules of procedure and courtroom protocol

Petitioner argues the state trial court erred in accepting Petitioner's request to waive counsel because Petitioner was not willing and able to adhere to the rules of procedure and courtroom protocol. ECF No. 11, at 46-48. Petitioner bases this argument on the holding in *Faretta*, as articulated in *McKaskle v. Wiggins*, "that an accused has a Sixth Amendment right to conduct his own defense, provided only that he knowingly and intelligently forgoes his right to counsel and that he is able and willing to abide by rules of procedure and courtroom protocol." 465 U.S. 168, 173 (1984). Petitioner interprets this language to mean a trial court cannot

13

properly accept a defendant's waiver of counsel if the defendant is unwilling and unable to adhere to the rules of procedure and courtroom protocol. ECF No. 11, at 46-48.[2]

The Missouri Court of Appeals disagreed with Petitioner's interpretation, finding:

> [T]he plain language of *Faretta* and *McKaskle* reveals that while these cases hold a trial court *may* deny the right to self-representation, they do not state the reverse: that a trial court *must* terminate self-representation or appoint stand-by counsel where the defendant engages in obstructionist behavior to disrupt trial. This Court has previously noted that *Faretta* and *McKaskle* are based on respect for a defendant's autonomy and the defendant's right to have actual control over the case he or she presents to the jury. A defendant's right to control his or her own defense necessarily includes that the defendant has the right to choose not to participate in the trial at all. While a defendant has a panoply of personal rights guaranteed by the Sixth and Fourteenth Amendments, such as the right to counsel and the right to confrontation, the defendant is entitled to waive these personal fundamental rights so long as the waiver is knowing and voluntary.

ECF No. 19-7, at 11-12 (citations omitted). The Missouri Court of Appeals did not incorrectly or unreasonably apply clearly established federal law. Thus, the decision is entitled to deference. *See* 28 U.S.C. § 2254(d)(1).

The Missouri Court of Appeals determined Petitioner's argument fails because, under the language in *McKaskle* and *Faretta*, the individual's right to self-representation is predicated upon his ability and willingness to abide by the rules of procedure and courtroom protocol. ECF No. 19-7, at 11 (citing *Faretta*, 422 U.S. at 834 n.46 ("the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct . . . . The right of self-representation is not a license to abuse the dignity of the courtroom.")). The Missouri Court of Appeals found *McKaskle* and *Faretta* do not place an obligation upon the court, but rather qualify the individual's right to self-representation, when an individual representing themselves engages in obstructionist behavior. ECF No. 19-7, at 11-12.

---

[2] Petitioner's sole claim for relief rests on whether the trial court improperly waived Petitioner's right to counsel. Petitioner does not raise any arguments about the constitutionality of his absence from and lack of representation at trial; therefore, the Court does not address this issue.

Petitioner does not cite, and research has not revealed, any authority requiring trial courts to terminate self-representation due to a defendant's unwillingness or inability to adhere to the rules of procedure and courtroom protocol. While Petitioner quotes a Ninth Circuit case stating a "defendant cannot choose to represent himself if he is not able and willing to abide by the rules of procedure and courtroom protocol," this quote, when considered in the context of the holding, does not support Petitioner's argument. ECF No. 11, at 47 (quoting *United States v. Bishop*, 291 F.3d 1100, 1114 (9th Cir. 2002)). This quote would lend more support to Petitioner's argument if the issue before the Ninth Circuit was whether the trial court erred in *permitting* a defendant to represent himself. However, in *Bishop*, the issue was whether the trial court erred in *denying* a defendant's request to represent himself, and the Ninth Circuit found it had not. Thus, the Ninth Circuit's decision in *Bishop* does not provide support for Petitioner's argument that the Sixth Amendment prohibits trial courts from accepting defendants' requests to waive their right to counsel when they are unable or unwilling to adhere to the rules of procedure and courtroom protocol. Further, even if *Bishop* supported Petitioner's claim, it is neither binding precedent nor federal law clearly established by the United States Supreme Court.

Although there is no authority to support Petitioner's interpretation of *Faretta* and *McKaskle*, there is authority supporting the Missouri Court of Appeals' interpretation. The Second, Third, Tenth, and Eleventh Circuits have rejected the argument that a trial court has an affirmative duty to terminate a defendant's self-representation due to obstructionist conduct. *See Clark v. Perez*, 510 F.3d 382, 397 (2d Cir. 2008) (rejecting petitioner's argument that the "trial judge violated her Sixth Amendment rights when he allowed her to appear *pro se* – without invalidating or qualifying her waiver of the right to counsel – after she had given ample notice of her intention to use a disruptive, political defense, including an unwillingness to be present at

15

trial"); *Thomas v. Carroll*, 581 F.3d 118, 127 (3d Cir. 2009) (denying habeas relief on appellant's Sixth Amendment claim that his rights were violated when the trial judge did not appoint stand-by counsel after his waiver of right to counsel and refusal to participate in trial); *United States v. Wallace*, 527 F. App'x 784, 786-88 (10th Cir. 2013) (rejecting appellant's assertion "that the trial court had an affirmative duty to terminate his self-representation because of his obstructive conduct and that its failure to do so violated his rights under the Sixth Amendment"); *United States v. Stanley*, 739 F.3d 633, 649-50 (11th Cir. 2014) (denying appellants' claim "that the district court should have terminated his self-representation because he deliberately engaged in serious and obstructionist misconduct"). The Missouri Court of Appeals' application of *Faretta* and *McKaskle* aligns with that of the Second, Third, Tenth, and Eleventh Circuits, and its decision is objectively reasonable. *Colvin v. Taylor*, 324 F.3d 583, 588 (8th Cir. 2003). Because the Court of Appeals' decision is not an incorrect or unreasonable application of federal law, it is entitled to deference. *See* 28 U.S.C. § 2254(d).

      Petitioner also argues he was denied his right to counsel because "the court did not adequately warn Petitioner, and ensure that he understood" his obligation to follow the rules of procedure and evidentiary rules before determining that "Petitioner's waiver was made knowingly, voluntarily, and intelligently." ECF No. 11, at 47-48. However, on direct appeal and in the post-conviction proceeding, Petitioner failed to raise this argument. By neglecting to raise this issue prior to his federal petition for a writ of habeas corpus, Petitioner did not afford the reviewing state court the opportunity to decide whether a trial court must ensure defendants understand their obligations to follow the rules of procedure and courtroom protocol before accepting a waiver of counsel. Thus, this claim is procedurally barred. *See Picard*, 404 U.S. at 275-78; *O'Sullivan*, 526 U.S. at 842. The Court will deny the Petition on this claim.

16

Finally, Petitioner argues the decision of the Missouri Court of Appeals was based on an unreasonable determination of fact in light of the evidence presented in the State court proceeding under 28 U.S.C. § 2254(d)(2). ECF No. 22, at 23. However, the Missouri Court of Appeals' decision on this claim did not rest on a factual finding. The Court of Appeals determined, as a matter of law, that while "a trial court *may* deny the right to self-representation," a trial court is not required to "terminate self-representation or appoint stand-by counsel where the defendant engages in obstructionist behavior to disrupt trial." ECF No. 19-7, at 11. The Court of Appeals disposed of the claim because it found the law does not provide relief under Petitioner's argument. Thus, the decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Therefore, the Missouri Court of Appeals' decision is entitled to deference, and the Court will deny the Petition on this claim. *See* 28 U.S.C. § 2254(d).

### C. Clear and unequivocal waiver of counsel

Petitioner argues the state trial court denied Petitioner's Sixth Amendment right to counsel because Petitioner did not clearly and unequivocally waive his right to counsel. ECF No. 11, at 32. Petitioner raises this claim for the first time in his federal petition for a writ of habeas corpus. Because Petitioner failed to argue his waiver was not clear and unequivocal prior to his habeas petition, Petitioner did not afford the reviewing state court the opportunity to decide whether the waiver was clear and unequivocal, and thus, the claim is procedurally barred. *See Picard*, 404 U.S. at 275-78; *O'Sullivan*, 526 U.S. at 842. The Court will deny the Petition on this claim.

17

### D.     Procedural default

There remains an open question of whether all of Petitioner's claims, even those raised on direct state appeal or in the post-conviction proceeding, are procedurally defaulted and, if so, whether Petitioner can overcome the procedural default. However, because Petitioner's claims fail under 28 U.S.C. § 2254(d)(1)-(2), it is unnecessary to reach the overarching issue of procedural default, beyond the specific instances of procedural default the Court has already addressed. *See* § 2254(b)(2).

Accordingly,

**IT IS HEREBY ORDERED** that the Petitions of Tommy Joe Davis for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF Nos. 1, 11), are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Tommy Joe Davis's Petition is **DISMISSED, with prejudice**. Petitioner has not made a substantial showing of a denial of a constitutional right, and this Court will not issue a Certificate of Appealability. 28 § U.S.C. 2253(c)(2). A separate judgment in accord with this Order is entered on this same date.

So Ordered this 10th day of April, 2024.

  **STEPHEN R. WELBY**
  **UNITED STATES MAGISTRATE JUDGE**